*Printed On: 10/04/2023 01:50 PM*

# Case Details - **2023CP1003977**

| Case # | Plaintiff | Defendant | Sub Type | File Date | Case Status | Disp. Date |
|---|---|---|---|---|---|---|
| 2023CP1003977 | JOHN H BROWN | EXPERIAN INFORMATION SOLUTIONS INC , DEFENDANT, ET AL | UNFAIR TRADE PRA 640 | 08/15/2023 | PENDING | |

## Parties

| Party Type | Party Name | Phone # |
|---|---|---|
| PL ATTY | DAVID ANDREW MAXFIELD | (803) 509-6800 |
| PL | JOHN H BROWN | |
| DEF | EXPERIAN INFORMATION SOLUTIONS INC | |
| DEF | AFFIRM HOLDINGS INC | |

## Filings

| Date | Filing | Document |
|---|---|---|
| 09/18/2023 | SERVICE/ACKNOWLEDGMENT OF SERVICE ON EXPERIAN INFORMATION SO | |
| 09/18/2023 | NEF(09-18-2023 11:54:32 AM) SERVICE/ACKNOWLEDGMENT OF SE... | |
| 08/15/2023 | SUMMONS & COMPLAINT | |

EXHIBIT A

ELECTRONICALLY FILED - 2023 Aug 15 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br><br>NINTH JUDICIAL CIRCUIT |
|---|---|
| John H. Brown,<br><br>Plaintiff(s),<br>-vs-<br><br>Experian Information Solutions, Inc. and Affirm Holdings, Inc.,<br><br>Defendant(s). | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
_______________________________

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

August 15, 2023

ELECTRONICALLY FILED - 2023 Aug 15 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS

COUNTY OF CHARLESTON | NINTH JUDICIAL CIRCUIT

John H. Brown,

Plaintiff(s),

-vs-

Experian Information Solutions, Inc. and Affirm Holdings, Inc.,

Defendant(s).

**COMPLAINT**

(Jury Trial Requested)

Plaintiff, complaining of the Defendants above named, would respectfully show as follows:

**JURISDICTION**

1. The State of Residence of Plaintiff is South Carolina.
2. Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas.
3. Affirm Holdings, Inc., is a foreign corporation with its headquarters and nerve center located in the State of California, but which transacts substantial business in this jurisdiction.
4. This Court has jurisdiction over the parties and subject matter of this action and venue is proper.

**FACTUAL ALLEGATIONS**

5. Plaintiff is an identity theft victim.

ELECTRONICALLY FILED - 2023 Aug 15 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

6. On or about December 21, 2022, without Plaintiff's knowledge, consent, or authorization, an Affirm account was opened in Plaintiff's name.
7. Plaintiff discovered the existence of the fraudulent Affirm account in March of 2023.
8. Thereafter, Plaintiff requested his credit reports, and saw the account reported there as a derogatory entry against his otherwise good credit.
9. Plaintiff was able to get credit reports with other agencies but could not initially get one from Defendant Experian, even though he provided all information necessary, and Experian was legally obligated to provide it.
10. On or about June 28, 2023, Plaintiff was able to dispute the fraudulent Affirm account to Experian.
11. In response to Plaintiff's dispute, Experian contacted Defendant Affirm who falsely "verified" that the account belonged to Plaintiff.
12. Thereafter, Defendant Experian sent a new report to Plaintiff asserting that the fraudulent Affirm account was "his."
13. On July 25, 2023, Plaintiff made a police report and completed an FTC Fraud Affidavit.
14. Plaintiff also completed fraud affidavits requested by Affirm, whom he contacted directly.
15. Plaintiff tried again then to dispute the account, but it was again "verified" by Affirm.
16. As a direct and proximate result, Plaintiff has been damaged in the below particulars.

**DAMAGES**

17. The wrongful acts of the Defendants described herein caused the following concrete and particularized harms and losses:
18. Emotional distress including humiliation, fear, worry, anxiety, and depression, and the physical manifestations of same;
19. Lost time spent attempting to rectify the harm caused;
20. Harm to existing and/or prospective credit;
21. Becoming unjustly indebted;
22. Harm to reputation;

ELECTRONICALLY FILED - 2023 Aug 15 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

23. Loss of fundamental right to privacy and/or the right to be left alone;
24. Such other harms and losses as may be shown at trial.
25. Defendants must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described herein, to return Plaintiff to the position enjoyed prior to wrongful injury.
26. For those harms and losses that are reasonably expected to continue into the future, Defendants must compensate for their expected continuing impact and effect,
27. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, Defendants must be required to pay nominal or symbolic damages, as well as punitive damages to punish said conduct, and deter its reoccurrence in the future.
28. Defendants must further be required to pay attorney's fees and costs, as well as the penalties mandated by its violation of important statutory rights referenced below.
29. All of the harms and losses caused by Defendants are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

**FOR A FIRST CAUSE OF ACTION**

**AS TO AFFIRM**

**(Negligent and Willful Violation of FCRA)**

30. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.
31. The definition of "user" of information contained in the Fair Credit Reporting Act, as amended, applies to Defendant Affirm.
32. Defendant knowingly and willfully and/or negligently obtained the credit file of Plaintiff without a permissible purpose, in violation of 15 U.S.C. 1681b, and 1681q, and 1681r, et. seq.

ELECTRONICALLY FILED - 2023 Aug 15 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

33. As a direct and proximate result of the negligent and willful violations of the FCRA, Plaintiff suffered actual damages, including economic loss, invasion of privacy, emotional distress, and interference with normal and usual activities, for which Plaintiff should be awarded damages in an amount to be determined by the jury. 15 U.S.C. §§1681n and 1681o.
34. The Court should further award attorney fees pursuant to 15 U.S.C. §1681o(a).
35. The definition of a "furnisher of information" contained in the Fair Credit Reporting Act, as amended, applies to the Defendant Affirm also.
36. After being notified by the Plaintiff and the consumer reporting agencies that derogatory information was disputed by the Plaintiff, Defendant failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. 1681s-2(b).
37. Thereafter, Defendant negligently and willfully re-reported inaccurate information to the consumer reporting agencies, thereby violating the provisions of the Fair Credit Reporting Act regarding reinvestigation.
38. Defendant further failed to note in its reporting that the account was "disputed" as required.
39. The action and inaction of Defendant Affirm, as described herein, caused great and irreparable injury to Plaintiff.
40. Defendant maliciously and/or with willful intent to injure, defamed Plaintiff and invaded the legitimate expectation of privacy of the Plaintiff.
41. In addition to actual or compensatory damages, a judgment should be granted to Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under state law, and/or for willful violations of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

**FOR A SECOND CAUSE OF ACTION**

**AS TO DEFENDANT EXPERIAN**

**(Negligent & Willful Violation of FCRA)**

42. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

ELECTRONICALLY FILED - 2023 Aug 15 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

43. Defendant Experian prepared and furnished credit reports on Plaintiff that contain false information.
44. Plaintiff notified Defendant of the reporting false information, disputed that information, and asked Defendant to correct it.
45. Despite those disputes, Defendant continued to report false information.
46. Upon information and belief, the reporting is at present false and incorrect.
47. Defendant negligently failed to comply with the requirements of the FCRA, including but not limited to the requirements contained in 15 U.S.C. §1681b, §1681c-2, §1681e and §1681i.
48. As a result of the above failure to comply with the requirements of FCRA, Plaintiff suffered and will continue to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities, for which damages should be awarded in an amount to be determined by the jury.
49. The Court should further award attorney fees pursuant to 15 U.S.C. §1681o(a).
50. Plaintiff would show that Defendant Experian willfully failed to comply with the requirements of FCRA.
51. As a result of the above willful violations of the FCRA, judgment should be granted for actual, statutory, and punitive damages.
52. The Court should further award attorney fees pursuant to 15 U.S.C. § 1681n(a).

**PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

ELECTRONICALLY FILED - 2023 Aug 15 5:00 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

______________________________

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

August 15, 2023

ELECTRONICALLY FILED - 2023 Sep 18 11:54 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT |
|---|---|
| John H. Brown,<br><br>Plaintiff(s),<br>-vs-<br><br>Experian Information Solutions, Inc. and Affirm Holdings, Inc.,<br><br>Defendant(s). | 2023-CP-10-3977 |

**PROOF OF SERVICE**

I, the undersigned, an employee of Dave Maxfield, Attorney at Law, have served CT Corporation System as registered agent for Experian Information Solutions, Inc., by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested on the 13th day of September 2023, with a Summons & Complaint in the above-entitled action as shown by the attached receipt.

Respectfully submitted by:

Janel Bess

Janel Bess, Paralegal to David Maxfield

September 18, 2023

ELECTRONICALLY FILED - 2023 Sep 18 11:54 AM -



USPS TRACKING #

COLUMBIA SC 290
13 SEP 2023 PM 3 L

9590 9402 7455 2055 7814 18

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

John Brown StC

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Dave Maxfield, Attorney, LLC
P.O. Box 11865
Columbia, SC 29211

Expenan 30 Days

EXHIBIT A

ELECTRONICALLY FILED - 2023 Sep 18 11:54 AM -



**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
2 Office Park Court Ste 103
Columbia, SC 29223



9590 9402 7455 2055 7814 18

2. Article Number *(Transfer from service label)*

7022 3330 0001 9528 8382

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature Lisa Culler
X Lisa Culler
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery 9-13-23

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Mail Restricted Delivery
00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☑ return receipt

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

EXHIBIT A

# Certificate of Electronic Notification

| Recipients |
| --- |
| **David Maxfield** - Notification transmitted on 09-18-2023 11:54:48 AM. |

ELECTRONICALLY FILED - 2023 Sep 18 11:57 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

ELECTRONICALLY FILED - 2023 Sep 18 11:57 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1003977

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2023CP1003977

| | |
|---|---|
| **Official File Stamp:** | 09-18-2023 11:54:32 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Charleston |
| **Case Caption:** | John H Brown VS Experian Information Solutions Inc , defendant, et al |
| **Document(s) Submitted:** | Service/Acknowledgment Of Service |
| | - Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for John H Brown

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Affirm Holdings Inc

Experian Information Solutions Inc